DIXON, Respondent, v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

1. Under the statute, (R. C. 1855, p. 376, § 2,) process may be served on a railroad company in any county where there is any office or place of business of the company, although the president or chief officer may not be found in the county or reside therein.

*Appeal from Buchanan Common Pleas.*

*Hall,* for appellants.

The service of process in this case is not in accordance with the law. (R. C. 1855, p. 376, § 2, 4.)

*Vories & Vories,* for respondent.

I. The only question presented for the consideration of this court is, whether the answer filed by the defendants in this case presented any defence in the nature of a plea to the jurisdiction of the court below, or, in other words, whether a corporation can be sued and served with process in any county except where the principal officer of the company is situate, or an office where it usually transacted its usual business. It is contended by the respondent that the service in this case is proper, and that the court had jurisdiction. The statute provides that service made be made on the president or other chief officer of a corporation, or, in his absence,

by leaving a copy at any business office of the company with
a person having charge thereof, shall be deemed sufficient.
The statute does not say that the service must be at an office
for the transaction of the usual and ordinary business of the
company.   It only requires that it shall be a business office.
(R. C. p. 376.)

EWING, Judge, delivered the opinion of the court.

The question in this case is as to the sufficiency of the ser-
vice of the summons.

The statute directs that the summons when issued against
any banking or other incorporated company, served on the
president or other chief officer of such company, or in his
absence by leaving a copy thereof at any business office of
said company, with the person having charge thereof, shall
be deemed a sufficient service ; and if the corporation have
no business office in the county where suit is brought, or if
no person shall be found in charge thereof, and the president
or chief officer can not be found in such county, a summons
shall be issued, directed to the sheriff of any county in the
state where the president or chief officer of such company
may reside or be found,  or where any place of business may
be kept of such company, &c.   (R. C. 1855, p. 376.)

Another provision of the same act allows suits against
corporations to be commenced in the county where the cause
of action accrued, or in any county where they shall have
or usually keep an officer or agent for the transaction of
their usual and customary business.   (§ 4.)

There is, at first view, some obscurity in the first clause of
the second section above quoted, arising from an apparent
implication that the place of business spoken of may be such
as is kept or occupied by the president or chief officer of the
corporation.    But the language of the second clause is
plainer, and it is quite obvious that the phrase " place of
business" is not used in that restricted sense.   For the phrase
" no business office," &c., is employed co-relatively with that
of " any business office of said company," in the preceding

part of the section; and the absence of the chief officer spoken of, is not a temporary absence from an office usually occupied by him, but an absence from the county. For process may be served in any county where there is any office or place of business, although the president or chief officer may not be found or reside therein.

By the fourth section, suits must be instituted in the county where the cause of action accrued, or in any county where the corporation shall have or usually keep an office for the transaction of their usual and customary business. Here the term is used in a more restricted sense, and with a qualification that is explanatory of its meaning as it occurs in the preceding section.

Judgment affirmed; Judge Napton concurring.