——o——

## Z. L. SLAVENS, Respondent, vs. SOUTH PACIFIC RAILROAD COMPANY, Appellant.

1.—*Railroad, Suit against—Residence of—Construction of statute.*—Under a proper construction of the statute (W. S., 847, § 3) for the purpose of bringing action, the residence of a railroad corporation is in any county through which its line of road passes, and in which it has an agent upon whom process can be served.

*Appeal from Laclede Circuit Court.*

*James Baker and J. N. Litton*, for Appellant.

I.   Appellant was within the meaning of the statute, a non-resident of Laclede county, but was a resident of St. Louis county. (Conn. R. R. vs. Cooper, 30 Vermont, 476; 2 Redf., on R. R., 384; Thorn vs. Central R. R., 2 Dutch N. J., 121; R. R. Co. vs. Alexandria, 17 Gratt., 76; Jenkins vs. California Stage Co., 22 Cal. 537; How., Pr., 149; Sangamon county R. R. vs. Morgan county 14 Ills., 166.)

*J. D. Mathews*, for Respondent.

I. Appellant was a resident of Laclede county within the meaning of Sec. 3, p 847, Wag. Stat.   In legal contemplation a railroad resides in any county through which its road passes. (Bristol vs. The Chicago and Aurora R. R. Co. 15 Ill., 436 Baldwin vs. Miss. & C. R. R., 5 Clark (Iowa) 518; Richardson vs. Rurlington R. R. Co., 8 Clark (Iowa) 260; Crofut. vs. Brooklyn Ferry Co. 36 Barb. 201 ; See also Farnsworth vs. Terre Haute and Alton R. R. Co., 29 Mo., 75; Androscoggin and Kenebec R. R. Co., vs. Stephens, 28 Maine, 434 ; Belden vs. New York and Harlem R. R. Co., 15 How., Pr., 17.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiff commenced his suit against the defendant before a justice of the peace in Laclede county, and summons was served upon defendant's station agent in that county.

At the trial, judgment was given for the plaintiff, and defendant at the time gave notice of its intention to take an appeal to the Circuit Court, but failed to file a bond or affidavit within ten days.

Thirteen days after the trial, affidavit and bond were filed, and the case was taken to the Circuit Court. In that court the plaintiff filed his motion to dismiss the appeal because the same was not taken and perfected within ten days. His motion was sustained, and defendant appealed to this court.

The only question is whether the defendant, whose track runs through Laclede county, is a resident or non-resident within the meaning of the act in reference to granting appeals.

The Statute provides that no appeal shall be allowed, unless it be made within ten days after the judgment rendered, or where judgment is by default or non-suit, within ten days after the refusal of the justice to set aside the default or non-suit and grant a new trial; but if the party is a non-resident of the county where the suit is instituted, then he is allowed twenty days within which to make his appeal. (2 W. S., 847, § 3.)

Suits against corporations may be commenced in any county where such corporations have or usually keep an office or agent for the transaction of their usual and customary business. (1 W. S., 394, § 26, 28; Dixon vs. H. & St. Jo. R. R. Company, 31 Mo., 409.)

It seems to me upon a fair construction of the Statute that a corporation is a resident of the county through which its line of road passes, and in which it has an agent upon whom process can be served, and where suits are authorized to be commenced. It is true, upon this question there have been contradictory decisions.

In Vermont the court holds, that the residence of a railway company for the purpose of bringing actions, is the county or

town upon the line of their road, where their principal office and the center of their business operations is situated. (Railroad Company vs. Cooper, 30 Vt., 476.) So in New Jersey it is held that in a suit brought against a corporation, the venue should be laid in the county where their principal office is located, that being considered their place of residence, and that the rule applies to railroad companies, where their road runs through, and their franchises are exercised in different counties. (Thorn vs. Central Railroad Company, 2 Dutch, 121.)

But in the case of the City of St. Louis vs. Wiggins Ferry Company, (40 Mo., 586) this court declared that there can be no doubt that, within the limits of the State which grants the charter, a corporation may have a special constructive residence, in more places than one, so as to be subjected to the local jurisdiction where its officers and agencies are actually present in the exercises of its franchises and in carrying on its business; and that the legal residence of a corporation is not necessarily confined to the locality of its principal office or place of business. It depends on the official exhibition of legal and local existence, and its place of residence may be wherever its corporate business is done, (Glaize vs. South Carolina Railroad Company 1 Strob., 70 ; Cromwell vs. Insurance Company, 2 Rich., 512.)

In Bristol vs. The Chicago and Aurora Railway Company, (15 Ills., 436,) it was decided that a corporation has its residence where it exercises corporate functions; where its business is done ; where its franchises are exercised; where it is engaged in the prosecution of the corporate enterprise, or in any county in which it operates the road.

This doctrine was quoted with approval, followed and affirmed in Baldwin vs. Mississippi Railroad Company, (5 Iowa, 518), and in Richardson vs. Burlington, etc., (8 Iowa. 260.)

In U. S. Bank vs. Devaux, (5 Cranch, 84), it is said of a corporation, "this ideal existence is considered as an inhabitant, when the general spirit and purpose of the law requires it.

Although in the present case the principal office of the defendant was situated in St Louis county, still it was as much

engaged in prosecuting the enterprise for which it was brought into being, and in transacting its general business in the county of Laclede as it was in the county of St Louis.

The road was operated and the corporate franchises exercised in every county through which it ran. Under the provisions of the Statute then, for the purpose of being sued, I think it had a local *situs* and residence, and that it was entitled to no greater privileges than an actual resident of the county. Wherefore the judgment will be affirmed.

The other judges concur.