HARDING, *Appellant*, v. THE CHICAGO & ALTON RAILROAD COMPANY, *Garnishee of Lacey*.

**Justices of the Peace**: APPEAL: CORPORATIONS: RESIDENCE. A corporation, although chartered in another state, which keeps in this State an office or agent for the transaction of its usual and customary business, has a legal residence here in the county of such office or agent, and must prosecute its appeals from the judgment of a justice of the peace within ten days after rendition thereof.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

REVERSED.

*Henry Smith* for appellant.

Ten days only are allowed for a resident of the county to appeal from a justice of the peace. 2 Wag. Stat., 847. The service was on the railroad's chief officer, at his office in Jackson county, and was sufficient. 1 Wag. Stat., p. 294, §§ 26, 28; *Slavens v. Railroad Co.*, 51 Mo. 308; *Dixon v. Railroad Co.*, 31 Mo. 409; *St. Louis v. Wiggins Ferry Co.*, 40 Mo. 580; Laws 1873, p. 58; R. S. 1879, § 2521. The garnishee, although chartered in Illinois, having an office and place of business in this State, was subject to suit in same manner as railroad corporations chartered by this State. Laws 1877, p. 369; *McAllister v. Ins. Co.*, 28 Mo. 214; *City of St. Louis v. Wiggins Ferry Co.*, 40 Mo. 580; *Baldwin v. Railroad Co.*, 5 Iowa 518; *U. S. B'k v. Devaux*, 5 Cranch 84; *Slavens v. Railroad Co.*, 51 Mo. 308. When a corporation has its chief office or place of business here, it is a resident within the meaning of the law. 2 Wag. Stat., 1006, § 2; 1 Wag. Stat., 292, § 19; *Farnsworth v. Railroad Co.*, 29 Mo. 75; *Robb v. Railroad Co.*, 47 Mo. 540; *Middough v. Railroad Co.*, 51 Mo. 520.

*Gates & Wallace* for respondent.

The respondent, the Chicago & Alton Railroad Company, was not a resident of this State, and, therefore, had twenty days within which to appeal from the judgment of the justice. 2 Wag. Stat., p. 847, § 3; R. S. 1879, § 3041; *City of St. Louis v. Wiggins Ferry Co.,* 40 Mo. 586; *Robb v. Chicago & Alton R. R. Co.,* 47 Mo. 541; *Herryford v. Ins. Co.,* 42 Mo. 148.

EWING, C.—Appellant sued Lacey, and summoned the Chicago & Alton Railroad Company, as garnishee, before a justice of the peace, where there was judgment for plaintiff, from which the garnishee appealed to the special law and equity court, where appellant, Harding, moved to dismiss the appeal because the garnishee was a resident of Jackson county, and did not take the appeal within ten days, as provided by Wagner's Statutes, page 847, section 3, then in force. That motion to dismiss appeal was submitted to that court on the following agreed statement of facts:

"At the time of service of garnishment on defendant, and at the time the appeal was taken from the justice, defendant was a corporation, organized under the laws of the state of Illinois, and its general office in Chicago, Illinois; that Wm. H. Reed was general western agent of defendant, and his office, as such, was then at the corner of Fourth and Main streets, in Kansas City, Jackson county, Missouri, and he a resident of said city; that he, as such agent, was transacting defendant's business at that place, soliciting freight for defendant's road, and representing the road in various ways, and for such service was paid a regular salary by defendant; that defendant, at the time of the suit before the justice and the appeal from his decision, owned and operated a line of railroad in Missouri, extending from Louisiana to Mexico, Missouri, which has since said appeal been extended, and is now operated to Kansas City, Missouri; that defendant was served with garnishment by con-

stable, October 3rd, 1878, in Jackson county, Missouri, by notice thereof to said W. H. Reed, as its general agent and chief officer in Missouri, and that in obedience thereto defendant appeared before the justice and filed its answer."

March 15th, 1880, the court overruled plaintiff's motion to dismiss appeal, and plaintiff failing to further prosecute the case, dismissed his suit, and rendered judgment against plaintiff for all costs. From that judgment, after usual motions for new trial and in arrest, plaintiff prosecuted this appeal.

The only question, therefore, to consider is, was the garnishee a resident of Jackson county, within the meaning of the law. The respondent cites, as authority in its favor, *City of St. Louis v. Wiggins Ferry Co.*, 40 Mo. 581, from which he quotes to sustain the position that the garnishee is not a resident of this State, etc., but the quotation does not go far enough. In that case Judge Holmes says: " This doctrine is in general confined to the territorial limits of the state from which the corporation derives its charter; but however it might be on general principles only, there can be little doubt that the effect of the statutes of this State is such as to make this corporation, though chartered abroad, a resident of this State, not only for the purpose of *suing and being sued by ordinary process*, or by attachment, but for all the purposes of ownership," etc.

In *Baldwin v. M. & M. R. R. Co.*, 5 Iowa 518, the court says : " This corporation has a legal residence in any county in which it operates the road, or exercises corporate powers or privileges." Other authorities sustain a similar view of the question. *Bristol v. C. & A. R. R. Co.*, 15 Ill. 436 ; *Dixon v. H. & St. J. R. R. Co.*, 31 Mo. 409 ; *Slavens v. South Pacific R'y Co.*, 51 Mo. 308 ; Wag. Stat., 294, §§ 26, 28 ; *Ib.*, 847, § 3 ; *McNichol v. U. S. M. R. Agency*, 74 Mo. 457. The agreed statement of facts shows that the garnishee kept " an office or agent for the transaction of their usual and customary business," etc. This was an exercise of " corporate powers and privileges" within the meaning

of the law, and which creates the " legal residence " for the purpose of conferring jurisdiction.

The judgment of the court below is reversed, and the cause remanded to the circuit court of Jackson county, with instructions to dismiss the respondent's appeal from the justice of the peace. PHILIPS, C., concurs : MARTIN, C., and SHERWOOD, J., absent.