CRUTSINGER v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

**Appeal**: JUSTICE: RAILROAD. A railroad which runs through a county and has been sued therein by service of process on its local agent, is a resident of such county within the meaning of Revised Statutes, section 3041, relating to appeals from justices of the peace, and must prosecute such appeals within the time limited to other residents of the county.

*Appeal from Osage Circuit Court.* — HON. A. J. SEAY, Judge.

AFFIRMED.

*Smith & Krauthoff* for appellant.

Unless the defendant corporation is a non-resident of Osage county the appeal was not made in time, for more than ten days had elapsed after the refusal of the justice to set aside the default. R. S., § 3041. The place of residence of a corporation is deemed to be the place where its principal office is located, or where its principal operations

are carried on. *Thorn v. Railroad Co.*, 2 Dutch. 121 ; *Conroe v. Ins. Co.*, 10 How. Pr. 403 ; *Jenkins v. Cal. Stage Co.*, 22 Cal. 537 ; *Sangamon Co. R. R. Co. v. Morgan Co.*, 14 Ill. 166 ; *Glazie v. Railroad Co.*, 1 Strob. 70 ; *Allen v. Pacific Ins. Co.*, 21 Pick. 257,   In opposition to this view we are confronted with the case of *Slavens v. South Pacific R. R. Co.*, 51 Mo. 308, and this case we ask the court to review. Corporations in law are regarded as persons, and are treated for many purposes as citizens and inhabitants. *Railroad Co. v. Harris*, 12 Wall. 65, 81 ; *Railroad Co. v. Whitton*, 13 Wall. 270, 285 ; *People v. Utica Ins. Co.*, 15 Johns. 358, 382 ; *Ontario Bank v. Bunnell*, 10 Wend. 186.   Corporations must be deemed to be persons in order to secure an equal distribution of the burdens of government.   The same necessity demands that they should have a residence, and that their place of business should be deemed their residence.   If so deemed then their rights, privileges, duties and obligations will closely approximate to those of natural persons and many of the perplexities in the administration of justice will be obviated.   The construction of the statute in *Slavens v. Railroad Co.*, 51 Mo. 308, is an unreasonable and an unjust one and the defendant has been greatly injured and prejudiced thereby.

*Edwin Silver* and *H. Marquand* for respondent.

The question presented in this case was decided favorably to respondent in *Slavens v. Railroad Co.* 51 Mo. 308, and on the correctness of that decision respondent confidently relies—sees no reason for overruling it.   Appellant cites no opposing authority in this State.   The cases from other states cited by it were so decided in the absence of statutory provisions, such as are in force here, authorizing suits against corporations to be commenced in any county where such corporations have or usually keep an office or agent for the transaction of their usual or customary business.   R. S., § 750.   The effect of the statute is to make

the defendant corporation having such office in the county a resident thereof for all the purposes of the suit. See, also, *Mikel v. Railroad Co.*, 54 Mo. 145.

PHILIPS, C.—This is an action begun against the defendant, a railroad corporation, in a justice's court in Osage county, for the recovery of damages for injury done to plaintiff's cow. Service of summons was made on a local station agent of defendant in said county. There was judgment in the justice's court for plaintiff. The defendant took an appeal to the circuit court, but after the expiration of the ten days next following the rendition of the judgment. In the circuit court this appeal was, on motion of plaintiff, dismissed because the same was not taken within the time prescribed by statute. From this action of the court defendant prosecutes this appeal.

The only question presented on this record for determination is, whether the defendant had twenty days within which to perfect his appeal from the justice's court, for it is conceded the appeal was not taken within ten days. If the defendant can be regarded as a non-resident of Osage county for the purpose of this action it would, under the statute, be entitled to twenty days to make its appeal. It is likewise, conceded that this identical question has been decided adversely to the construction contended for by defendant in *Slavens v. Railroad Co.*, 51 Mo. 308. We are asked to review that decision. We can discover no sufficient grounds for departing from the construction given therein to the statute. It is manifestly in accord with the language of the statute, and, we think, is expressive of the legislative intent. This case was followed in *Harding v. C. & A. R. R. Co.*, 80 Mo. 659.

The argument made by appellant against this law is one, *ab inconvenienti*, and could well be addressed to the legislative branch of the State government. Our functions should stop with construing and applying the law as we find it, if it be not void.

The judgment of the circuit court is affirmed. All concur except NORTON AND SHERWOOD, JJ., absent.