# YOUNG, Appellant, v. NILES & SCOTT COMPANY, Respondent.

### St. Louis Court of Appeals, January 22, 1907.

#### (Opinion by Nortoni, J.)

1. **FOREIGN CORPORATIONS.** A corporation organized under the laws of Indiana, which has not complied with sections 1025 and 1026 of the Revised Statutes of 1899, is a foreign corporation and in no sense a resident of this State.

2. ————: **Justices of the Peace: Process.** Under section 1362, Revised Statutes of 1899, service of summons issued by a justice of the peace upon a foreign corporation, which maintains no office in the county where service is had, but maintains a manufacturing plant, is sufficient if had upon an agent or employee in charge of the works of the corporation in such county.

3. ————: ————: **Appeals.** Where a foreign corporation can be served with process had upon its agent in a county in this State, such corporation is a resident of the county within the meaning of section 4060, Revised Statutes of 1899, and must appeal from a judgment of a justice of the peace within ten days from the time the judgment was rendered.

#### (Concurring Opinion by Bland, P. J.)

4. ————: **Constructive Residence.** The common-law rule that a corporation can only be sued in the jurisdiction where it was created or has its principal place of business, has been modified by statute and by modern rulings so that now foreign corporations doing business in a State have such a constructive residence in that State as to subject them to the jurisdiction of its courts.

5. ————: **Authority to Transact Business: Estoppel.** When a foreign corporation is sued and proper service had upon it in this State, it is estopped to assert that it has not complied with the statutes authorizing it to do business in this State, so that it can not sue and be sued.

6. ————: **Process: Justice of the Peace.** Where a foreign corporation had an agent transacting business for it in a county in this State, so that service could be had upon it in an action before a justice of the peace, it had a constructive residence in this State, so that it was entitled to only ten days in which to appeal from a judgment rendered by a justice of the peace, under section 4060.

Appeal from Stoddard Circuit Court.—*Hon. James L. Fort,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. R. Young pro se.*

A corporation is a resident of any county where it does or maintains business and in such case is entitled to but ten days in which to take an appeal from the judgment of the justice. R. S. 1899, sec. 4060; Slavins v. Railroad, 51 Mo. 309; Cruitsinger v. Railroad, 82 Mo. 64; Hastings v. Railroad, 80 Mo. 659.

*L. R. Thomason* for respondent.

The appeal was taken in proper time; the defendant being a non-resident of the county in which the suit was instituted had twenty days within which to take its appeal. R. S. 1899, sec. 4060. In order to perfect an appeal from the justice court, the filing of the necessary affidavit and bond with the justice and his approval thereof within the proper time is sufficient. Christ v. Smith, 66 Mo. App. 398.

NORTONI, J.—This case, a suit in conversion, was instituted before a justice of the peace in Stoddard county. The defendant is a foreign corporation. It is an incorporated company existing by virtue of the laws of the State of Indiana under which it was incorporated for the purpose of manufacturing and selling wheels, hubs, spokes, hose-carts, etc. Its home office is in the city of La Porte, in that State. In furtherance of its said business, it maintains a saw mill and plant and employs a number of millhands, under the supervision of one S. M. King, its foreman in Stoddard county, where this suit was instituted. As said, plaintiff, a resident of that county, instituted this suit in conversion before a justice of the peace of the proper township, and service

of summons therein was had on the defendant under
the provisions of section 3862, Revised Statutes 1899,
by serving said S. M. King, its foreman, as an "agent
or employee" under the provisions of said section; that
on the return had thereon, to-wit, June 21, 1904, plain-
tiff prevailed before the justice of the peace and recov-
ered judgment against the defendant in said court for
$121; that fifteen days thereafter, to-wit, July 6th, the
defendant, under the provisions of section 4060, R. S.
1899, granting defendants, who are non-residents of
the county, twenty days in which to perfect their appeal
from the justice of the peace court, filed its sufficient
affidavit and bond with the justice of the peace for an
appeal of the cause to the circuit court. The cause com-
ing on to be heard in the last-named court, plaintiff
moved the court to dismiss said appeal on the ground
that it was not perfected within the ten days prescribed
by the statute, contending that the defendant was not
a non-resident of the county within the meaning of the
statute. On this motion, defendant introduced its arti-
cles of association, together with the certificate of its in-
corporation under the hand and seal of, and duly cer-
tified by, the Secretary of the State of Indiana, show-
ing it to be a resident of that State, etc. The defendant's
president also testified that on all of the days mentioned
herein it was an incorporated company of the State of
Indiana with its home and managing office in the city
of La Porte in that State; that its business there con-
ducted is the manufacture and sale of wheels; that in
furtherance of its business under its certificate of in-
corporation, it maintained a sawmill and plant in Stod-
dard county which prepared and furnished timber to
the home concern in Indiana, which plant in Stoddard
county was managed and operated by defendant and was
in charge of said S. M. King under whom several men
were employed; that it had no managing office, nor other-
wise than stated, carried on or conducted its usual busi-

ness in Stoddard county. Upon hearing this testimony, the court overruled plaintiff's motion to dismiss the appeal, in effect holding the defendant to be a non-resident of said county and therefore entitled to twenty days in which to perfect its said appeal. From what has been said, it will be observed that the question on which we are required to give the opinion of the court is whether or not the defendant was a resident or non-resident of Stoddard county within the meaning of section 4060 allowing a non-resident twenty days in which to perfect its appeal.

Section 1024, R. S. 1899, with respect to foreign corporations, provides as follows:

"Every corporation for pecuniary profit formed in any other State, territory or country, before it shall be authorized or permitted to transact business in this State or to continue business therein if already established, shall have and maintain a public office or place in this State for the transaction of its business, where legal service may be obtained upon it."

Section 1025 provides that foreign corporations shall file in the office of the Secretary of the State a copy of its charter, articles of incorporation, etc. Section 1026 provides penalties for failure so to do, etc. There is nothing in the record tending to show that this defendant performed any act under these statutes which would tend to bring it within their provisions. The case therefore before the court is that of a foreign corporation, in no sense a resident of the State, which is engaged in part in carrying on its business in Stoddard county and maintains a plant there in charge of its foreman and employees. Section 3839, Revised Statutes 1899, with respect to where suits before a justice of the peace shall be commenced, provides: "Every action recognizable before a justice of the peace shall be brought before some justice of the township, either . . . second, wherein the plaintiff resides, and the defendant

or one of them may be found; . . . fourth, if the defendant is a non-resident of the State . . . the action may be brought before a justice in any county in this State wherein the defendant may be found." It appears from the second provision above quoted, that the action having been commenced in the township wherein the plaintiff resided, the same was properly maintainable against the defendant, provided it was found therein in the sense employed in the statute with respect to the service of process, or, under the fourth provision quoted, it being a non-resident of the State, the plaintiff could institute his suit before any justice in any county wherein the defendant could be found in the sense employed in the statutes for the service of process. It becomes important, then, to ascertain what service of process could have been had in this case, or what was the manner pointed out by law for a valid service in a case such as this. By reference to section 3862, Revised Statutes 1899, we find that, "Every summons issued by any justice of the peace, unless otherwise provided by law, shall be served at least ten days before the day of appearance therein mentioned, and shall be executed either, first . . .or fourth, where the defendant, not being a railroad corporation, is a corporation or joint stock company, organized under the laws of this or any other State or country, and having an office or doing business in this State, by delivering a copy of the writ to any agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to any agent or employee in any county or city where such service may be obtained." Now, it is clear under this statute that even though the defendant did not maintain a business office in Stoddard county, that the service on King, its foreman, as "agent or employee" in charge of its works there, was valid inasmuch as it maintained a plant there and carried on a portion of its business,

where it maintained a foreman and several employees at its mill, sawing and preparing timber for its factory in Indiana. [Banister v. Weber Gas, etc., Co., 82 Mo. App. 528.] It seems clear that this case would fall within not only the letter of the statute, but within the intention of the Legislature as well, for it is indeed quite reasonable that the Legislature intended a foreign institution of this sort, carrying on a business by employees and contracting obligations in this State thereabout, should be amenable to the process of the courts by service upon the agent and employees conducting the business for the defendant in the prosecution of which obligations are contracted. This whole matter is immaterial here, however, as the validity of the service in the first instance is not controverted by the defendant, and it is referred to only as a predicate upon which the opinion of the court is to be given.

We ascertain from the statutes quoted, and from what has been said thereon, that the defendant was found in Stoddard county within the sense employed, for the service of process. Yet while it was found there by its agents and employees, it resided in a foreign State and the original question recurs: Was it a resident or non-resident of Stoddard county within the meaning of section 4060 with respect to the time when an appeal shall be perfected? The statute, so far as material, is as follows:

"No appeal shall be allowed in any case unless the following requisites be complied with: First, the appeal must be made within ten days after the judgment was rendered, but if a non-resident of the county where the suit shall be instituted, the party shall, in all cases of appeal allowed by this article, have twenty days to make such appeal," etc.

Now, in common justice, it seems that there ought not to be any difference in the application of the law to the case of a corporation and an individual, and it

might be suggested that if this were the case of a private individual, a resident of Indiana, who owned a plant in Stoddard county and while there, service of process was had upon him and in conformity thereto, a judgment was rendered against him, no one would question for a moment that under this statute he would be entitled to twenty days in which to perfect his appeal therefrom. But such is not identical with the case now in judgment, for there service would have been had upon an individual defendant and here service is had perforce of the statute upon an agent of the defendant. Now, if the statute provided in the case of an individual that service might be had by delivering a copy of the writ to his agent or employee, then the case of a private person would be the same as that of the corporation here presented, and we apprehend that an identical ruling would be made by the court in either case. There certainly could be no principle upon which a different ruling could be predicated in one case than the other. So we see the question is, if the defendant is sufficiently a resident of the county of Stoddard so that the process of a justice's court may be served upon it as a prerequisite to a valid judgment, is it also a resident of such county so as to require it to perfect its appeal within ten days after such judgment? Now, it is settled in the law that where any officer or person representing a corporation may be served with summons in the first instance, service of notice of an appeal in the same case on the same officer is sufficient. [2 Ency. Pl. and Pr., 224.] This principle, however, affords no light on this subject otherwise than by analogy of reason. And in Smith v. Pilot Knob Mining Co., 47 Mo. App. 409-415, the principle was announced that a foreign corporation may become a resident of this State or a county for the purpose of jurisdiction, even though its legal residence as an entity is elsewhere. The identical question involved here with respect to railroads was presented to our Supreme Court and it was decided

by that tribunal that inasmuch as a railroad company passing through a county, could be sued by process served upon its stationmaster in that county, under the statute, that it therefore had a legal situs in such county within the meaning of this statute authorizing non-residents of a county twenty days to appeal, and that it was not a non-resident of such county even though its general offices were elsewhere; or, in other words, that as it could be lawfully served by delivery of process to its agent, within the county, it was a resident of the county within the meaning of the statute and should perfect its appeal within ten days after judgment. This case has been followed and affirmed. [See Slavens v. Railway Co., 51 Mo. 308; Harding v. Railway Co., 80 Mo. 659; Tutsinger v. Railway Co., 82 Mo. 64.] This doctrine is correct on principle with respect to railroad corporations and manifestly so with respect to domestic corporations of that class, as they are considered and treated as residents of any county in which they operate their road and employ the franchises granted by the State. And the court, in Harding v. Railway Co., supra, lays particular stress upon this proposition. Each of the subsequent cases cites and approves the doctrine in Slavens v. Railway Co., which case rested the judgment of the court principally upon the proposition that inasmuch as the defendant was made a resident of the county by the statute in that sense that it might be served with process by delivering a copy thereof to its station agent, it should be held to have a legal situs therein and was a resident thereof within the meaning of section 4060 with respect to time granted for appeals, and therefore had only ten days in which to perfect its appeal from the justice. We are unable to distinguish this feature of these cases from the one here in judgment. It must be true that if the railroad company was made a resident of the county within that statute by the mere fact of having an agent in the county on whom valid

service of process might be had, then this defendant, engaged as it is in the exercise of its franchises or a portion of its franchises at least, in Stoddard county and keeping an agent there upon whom valid service of process could be had, was likewise within the meaning of the same statute a resident of such county and as such, was entitled to ten days only in which to perfect its appeal. It appearing that the appeal from the justice was perfected fifteen days after judgment in the justice's court, the circuit court acquired no jurisdiction thereby and the judgment is reversed and the cause remanded with directions to the trial court to enter an order dismissing the appeal from the justice's court. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur; *Judge Bland* files a separate opinion.

### SEPARATE CONCURRING OPINION.

BLAND, P. J.—The defendant was incorporated under the laws of the State of Indiana and its home office and principal place of business is at La Porte in said State. By its agents, defendant came into Stoddard county, Missouri, and engaged in purchasing timber and running a sawmill. Plaintiff brought suit against it in a justice's court in Stoddard county and recovered a judgment for one hundred and twenty-one dollars, from which defendant, fifteen days after the rendition of the judgment, appealed to the circuit court. In the circuit court, plaintiff moved to dismiss the appeal, for the reason the appeal was not taken in ten days after the rendition of the justice's judgment. Defendant resisted the motion on the ground that it was a non-resident of the State of Missouri. The statute (sec. 4060, R. S. 1899) provides that an appeal from the judgment of a justice, if taken by a resident of the State, shall be within ten days; if by a non-resident, within twenty days from the date of the rendition of the jus-

tice's judgment. The circuit court overruled the motion and the cause was tried to a jury, resulting in a verdict and judgment for defendant, from which plaintiff appealed.

If the appeal was taken beyond the time allowed by section 4060, supra, the circuit court, as is well settled and also conceded by defendant, acquired no jurisdiction of the subject-matter, and the motion to dismiss the appeal should have been sustained. It was not shown that defendant had complied with sections 1024, 1025, Revised Statutes 1899, and was authorized to do business in this State. Prior to the enactment of these sections (1891) by an indulgence of the usual courtesy, foreign corporations were allowed to transact business within this State, provided the business did not interfere with some rule of law or principle of public policy adopted by the State, and could, as natural persons, sue and be sued in the courts of the State (sec. 2538a, R. S. 1899), and the manner of serving process upon them and where suits might be brought against them, was regulated by statute. By the Act of 1891, the State withdrew from foreign corporations the common courtesy to do business in the State, and only admitted them into the State to transact business after complying with the requirements of the Act of 1891. Sections 1024, 1025, and the succeeding one (1026) were construed by Division One of the Supreme Court, in the case of Tri-State Amus. Co. v. Amusement Co., 192 Mo. 404, 90 S. W. 1020. The court held: "A foreign corporation which has not paid the incorporation taxes required by the State and been licensed to transact business in this State, cannot make a legal contract in this State or transact any business in this State." A corporation is the mere creature of law and can have no legal existence beyond the limits of the sovereignty creating it. [Bank of Augusta v. Earle, 13 Peters 596; Paul v. Vir-

ginia, 75 U. S. 168.] And at common law can only be sued in the jurisdiction where it was born and has its principal place of business. [Sullivan v. Sullivan Timber Co., 103 Ala. 1. c. 378; Chesapeake, etc., Railroad Co. v. Cowherd, 96 Ky. 1. c. 118; Humphreys v. Newport News & M. V. Co., 33 W. Va. 1. c. 137; Aldrich v. Anchor Coal Co., 24 Or. 32; Pullman Palace Car Co. v. Harrison, 122 Ala. 149; Bawknight v. Liverpool, etc., Insurance Co., 55 Ga. 1. c. 195.] This common-law rule, however, has been modified and the modern doctrine is, where a corporation sends its agents into another State to do business, "it acquires a species of locality in the nature of domicile and is presumed to consent to be sued in the courts of said State," or, as some of the cases put it, "acquires such a constructive residence in the State as to be subjected to the jurisdiction of its courts." This modern doctrine is well expressed in the case of Equity Life Association v. Gammon, 119 Ga. 1. c. 276, where it is said:

"In the multiplication of corporations, and the increase of their business beyond the limits of the parent State, conditions arose which demanded a modification of the old rulings that as they could not migrate, neither could they be sued, except where incorporated. It was a mere fiction that they could not migrate; for in fact they did business, entered into contracts, made profits, maintained agencies, and had agents in foreign States. They were there present in the person of the agent; and if there for the purpose of doing business, they were also there present in his person for the purpose of being sued. In going into the foreign State for the purpose of doing business, it at the same time submitted itself to the jurisdiction of its courts in suits arising out of contracts made in the course of such business. There is, then, no question of jurisdiction, but only one of venue and service, to be determined by the laws of the State applicable to those subjects. They can be sued in the counties

in which they maintain agencies; or if none, then in any county where they may be found in the person of the agent."

In the case of Barrow Steamship Company v. Kane, 170 U. S. 1. c. 106, it is said:

"But the earlier cases were afterwards overruled; and it has become the settled law of this court that, for the purposes of suing and being sued in the courts of the United States, a corporation created by and doing business in a State is, although an artificial person, to be considered as a citizen of the State, as much as a natural person; and there is a conclusive presumption of law that the persons composing the corporation are citizens of the same State with the corporation."

This doctrine is supported by numerous authorities, some of which are Chesapeake, etc., R. R. Co. v. Cowherd, and Aldrich v. Coal Co., supra; North Missouri R. R. Co. v. Akers, 4 Kan. 453; National Bank of Augusta v. Southern Porcelain Co., 55 Ga. 36; Smith v. Insurance Co., 14 Ill. 1. c. 339. And in St. Louis v. Wiggins Ferry Co., 40 Mo. 580, it was held that foreign corporations doing business in this State have such constructive residence in this State as to subject them to the jurisdiction of its courts; and in Slavens v. Railroad, 51 Mo. 308; Harding v. Railroad, 80 Mo. 659; and Crutsinger v. Railroad, 82 Mo. 64, it was held, that under a proper construction of the statutes relating to the time in which an appeal from a justice's judgment might be taken, the residence of railroad corporations was in any county through which their lines of railroad passed and in which they had agents upon whom process might be served. It does not affirmatively appear that defendant had not complied with sections 1024 and 1025, supra, and was licensed to do business in this State, and defendant seems to assume in its brief, that as it was not shown it was licensed to do business in this State, the court should take it for granted it had not complied with

the above sections. If the position of the parties was reversed, that is, if defendant was plaintiff in the action and its right to sue was challenged, it would have to show a compliance with the requirements of the Act of 1891, as a condition precedent to its right to maintain the action. The legal aspect is reversed by reason of its position as defendant in the action. By the facts that it transacted business in the State and had an agent in the State, upon whom service of process was had, it will not be heard to allege a non-compliance with the Act of 1891, for the purpose of avoiding its contract made in this State with a citizen thereof, or to avoid the jurisdiction of the courts over its person. It will be estopped to set up its own wrong, either for the purpose of avoiding its contracts with citizens of this State, or in opposition to the jurisdiction of the courts of the State. [Hyer v. Chamberlain, 46 Fed. l. c. 341, and cases cited; Columbus Insurance Co. v. Walsh, 18 Mo. 229.] Service of process having been had upon an agent of defendant in Stoddard county, where said agent was transacting business for the defendant, for the purpose of the action defendant must be regarded as having such constructive residence within this State as to bring it within the case of Slavens v. Railroad, Harding v. Railroad, and Crutsinger v. Railroad, supra. In this view of the case, the court committed error in overruling plaintiff's motion to dismiss the appeal, and the judgment should be reversed and the cause remanded with directions to the circuit court to set aside its order overruling the motion to dismiss the appeal, and to sustain said motion and dismiss the appeal.