JOHN RODGERS, Respondent, v. NATIONAL COUNCIL JUNIOR ORDER UNITED AMERICAN MECHANICS OF THE UNITED STATES OF AMERICA, Appellant.

St. Louis Court of Appeals, April 8, 1913.

1. **FRATERNAL BENEFICIARY ASSOCIATIONS: Foreign Companies: Residence.** A foreign fraternal beneficiary association which appoints the Superintendent of Insurance as its agent to accept process, pursuant to Sec. 7114, R. S. 1909, is a constructive resident of every county in the State.

2. ——: **Character.** While fraternal beneficiary associations are not insurance companies in the broad sense, yet they are engaged in the business of insurance, and, in one sense, their certificates are to be regarded as life insurance contracts and they are to be regarded as insurance companies.

3. **STATUTES: Construction.** In declaring the sense of a statute, the court should effectuate its obvious intent in favor of remedial justice, rather than infringe its spirit by a narrow and technical construction.

4. **JUSTICES' COURTS: Jurisdiction over Fraternal Beneficiary Associations: Service of Process.** Under Sec. 7398, R. S. 1909, providing that justices of the peace shall have jurisdiction to issue process in all cases, where an "insurance company" is defendant, a justice of the peace has jurisdiction of a suit instituted against a foreign fraternal beneficiary association which is authorized to do business in the State pursuant to Secs. 7109, 7112 and 7114, R. S. 1909, and service may be obtained upon such association through service upon the Superintendent of Insurance; such associations being within the words "insurance company," as used in said section.

**5.** ——: **Appeal by Fraternal Beneficiary Association: Time for Taking.** Under Sec. 7568, R. S. 1909, providing that appeals from justices of the peace to the circuit court must be taken within ten days after judgment, but that if the appellant is a nonresident of the county where the suit is instituted, within twenty days after judgment, a foreign fraternal beneficiary insurance company which is authorized to do business in this State pursuant to Secs. 7109, 7112 and 7114, R. S. 1909, sued before a justice of the peace, is to be regarded as a resident of the county in which the suit is instituted, and hence it has only ten days after judgment in which to take an appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur*, Judge.

AFFIRMED.

*John C. Robertson* for appellant.

"Where a foreign corporation can be served with process had upon its agent in a county in this State, such corporation is a resident of the county within the meaning of Sec. 4060, R. S. 1899 (now Sec. 7568, R. S. 1909), and must appeal from the judgment of a justice within ten days." Young v. Niles & Scott Co., 122 Mo. App. 392. The section of the statutes in regard to appeals from justices should be liberally construed. Atkinson v. Burns, 91 Mo. App. 266.

*Charles Fensky* and *Henry E. Haas* for respondent.

By taking out a license to do business in the State of Missouri and appointing the Superintendent of Insurance as its agent to receive service of process, the defendant acquired a constructive residence in each and every county in this State, so that it had only ten days within which to perfect its appeal from the justice. Meyer v. Insurance Co., 184 Mo. 481; Kennedy v. Insurance Co., 165 Pa. St. 179; Werron v. Insurance Co., 166 Pa. St. 112. A nonresident foreign

Rodgers v. National Council.

corporation is entitled to twenty days within which
to take an appeal from a judgment of a justice court,.
but when the foreign corporation is "doing business
in the State," it must prosecute such appeal within
ten days.   Sears on Missouri Corporations, sec. 375;.
Young v. Niles & Scott Co., 122 Mo. App. 392; Slavers
v. Railroad, 51 Mo. 308; Harding v. Railroad, 80 Mo.
659; Crutsinger v. Railroad, 82 Mo. 64; Fitsmaurice
v. Turney, 214 Mo. 627.   An appeal allowed after the
time prescribed in the statute without the granting of:
a rule as provided in Sec. 7573, R. S. 1909, is abortive
and of no effect.   Pearson v. Carson, 69 Mo. 569; Kelm.
v. Hunkler, 49 Mo. App. 664; Hadley v. Bernero, 103.
Mo. App. 549; Union Savings Assn. v. Keisker, 8 Mo..
App. 232.

NORTONI, J.—This is a suit on a certificate of
life insurance in the amount of $500.   The case origi-
nated before a justice of the peace, where plaintiff had
judgment, and defendant prosecuted an appeal there-
from to the circuit court.   The circuit court dismissed
the appeal from the justice on the ground that it was-
not prosecuted within the time prescribed by the stat-
ute—that is, ten days after judgment—against one who'
is a resident of the county.   From this judgment of
the circuit court defendant appeals here; and the ques-
tion for consideration presents the inquiry as to·
whether defendant, a nonresident fraternal beneficiary
association, qualified as such under our statutes; is a.
resident of the county in which it was sued and, fur--
thermore, should such association be regarded as an
insurance company defendant within the purview of
our statutes conferring authority on justices of the·
peace in every county of the State as to them?

Under statute section 7568, Revised Statutes 1909,.
appeals from a justice of the peace to the circuit
court must be made within ten days after the judgment.
of the justice is rendered, but if the party appealing,

172-Mo. App.—46

is a nonresident of the county where the suit was instituted, twenty days are allowed instead of ten in which an appeal may be perfected.

Defendant is an incorporated foreign fraternal beneficiary association, but prior to the institution of this suit it had qualified as such in this State by fully complying with our statutes provided in that behalf. Among other things to that end, it had appointed the Superintendent of Insurance as its attorney, upon whom service of all lawful process in actions against it should be had. Plaintiff instituted the suit before a justice of the peace in the city of St. Louis, and a summons was duly issued by the justice, directed in accordance with the statute to the sheriff of Cole county, Missouri, in which Jefferson City, the State capital, is located, and it was there duly served on the State Superintendent of Insurance by the officer. In obedience to the command of the writ, defendant appeared before the justice of the peace and contested the action, but judgment was given against it on December 27. Thereafter, on January 10—that is, fourteen days after the judgment of the justice was given —defendant filed its affidavit and bond for appeal therefrom to the circuit court as though it were a nonresident of the city of St. Louis, which is regarded as a county under our law. As before said, the circuit court dismissed the appeal on the theory that, though defendant is a foreign institution, it should be regarded as a resident of the city of St. Louis and was therefore entitled to but ten days in which to perfect an appeal from the justice of the peace.

If it was competent to institute and maintain the suit against defendant before a justice in the city of St. Louis—that is, as if it were a resident of such city—then, of course, it would have been entitled to but ten days to prosecute an appeal therefrom, while, on the contrary, if defendant is to be regarded as a nonresident of the city, twenty days for its appeal are

expressly allowed by the statute. [Sec. 7568, R. S. 1909.] The question as to the county in which a foreign insurance company, qualified under our statutes to. do business in this State and by the appointment of the Superintendent of Insurance as its attorney, upon whom the service of process may be had, is to be sued has been expressly decided by the Supreme Court under the statute, which we believe should control here, as will appear by reference to Meyer v. Phoenix Ins. Co., 184 Mo. 481, 83 S. W. 479. In that case, the Supreme Court declared a foreign insurance company, which had qualified to do business in Missouri and appointed the Superintendent of Insurance as its attorney, upon whom service of process should be had in its stead, was to be regarded for the purposes of suit as a resident of each and every county and each and every township in every county in the State. There the defendant was a foreign insurance company authorized to do business in Missouri under our statutes, which are now sections 7040, 7042, et seq., Revised Statutes 1909, and the plaintiff in the case was a resident of Warren county. The suit was instituted by plaintiff in Montgomery county, and service of summons was had on the Superintendent of Insurance at Jefferson City in Cole county, as the attorney of defendant for that purpose. On these facts, the Supreme Court declared that, though the plaintiff was not a resident of the county in which the suit was instituted, and though the defendant was in fact a foreign corporation, it was nevertheless constructively a resident of Montgomery county and therefore jurisdiction obtained in the justice of the peace court over both the subject-matter and the person.

But it is said, though such be true, defendant here is a foreign fraternal beneficiary association and is therefore not amenable to the same rule of decision. Touching the matter of such foreign fraternal societies qualifying under our law for the transaction of

business in this State and in respect of the appointment of the Insurance Superintendent as attorney upon whom service of process is to be had, the statutes are in all material respects the same as those pertaining to the same subject with regard to foreign insurance companies. Sections 7109, 7112, 7114, Revised Statutes 1909, authorize such foreign societies to do a fraternal life insurance business in this State upon complying with certain statutory provisions, among which it is required that the Superintendent of Insurance shall be appointed in writing as the true and lawful attorney of the society, upon whom all lawful process in any action or proceeding against it may be served with entire validity as though it were served upon the association. In considering the statute of like import concerning foreign insurance companies, together with the fact that service was had on the Superintendent of Insurance as the attorney of the company and construing what are now sections 7398, 7399, Revised Statutes 1909, conferring jurisdiction on a justice of the peace over such insurance company, the Supreme Court declared in Meyer v. Insurance Company, supra, such companies should be regarded as residents of every county and every township in the State, for it is said the latter sections enabled service to be had on the Insurance Superintendent as though he were present representing the company in each county and township in the State.

Section 7398, Revised Statutes 1909 provides: "Every justice of the peace shall have jurisdiction coextensive with the county for which he shall be elected or appointed, and in all cases where the defendant, garnishee or proposed garnishee is an insurance company not incorporated by or organized under the laws of this State, every justice of the peace shall have jurisdiction and authority to issue process therein and direct the same, for service, to any constable or sheriff of the city or county where the Superintendent of In-

surance resides or has his office.'' This section seems
to contemplate that a foreign insurance company, qual-
ified under the Missouri statutes, as above stated, may,
through service had on the Superintendent of Insur-
ance, be brought to answer into the court of any justice
of the peace in the State, and it is because of this, as
we understand it, that the Supreme Court declared
such insurance companies to be constructive residents
of every county in the State, for their representative,
the Superintendent of Insurance, is ever available
there under the summons of the justice.

But though such be true, there appears to be no
express provision in our statutes for the justice of the
peace to acquire jurisdiction over foreign fraternal
beneficiary societies, even though they have appointed
the Superintendent of Insurance as their attorney to re-
ceive service of process. However this may be, it would
seem that a fair construction of the statutes above cop-
ied would include those societies engaged in the busi-
ness of life insurance with us. It is true that fraternal
beneficiary societies are not insurance companies in
the broad sense of that term, but no one can doubt
that they are engaged in the business of insurance
and, indeed, usually come into being for and subsist
on that business. In one sense, the certificates that
they issue are to be regarded as life insurance con-
tracts and the associations themselves, though frater-
nal and beneficiary in character, as insurance compa-
nies. [See State ex rel. v. Merchants' Exchange, etc.,
72 Mo. 146; Morton v. Sup. Council, 100 Mo. 76, 90, 73
S. W. 259.] In declaring the sense of a statute, the
court should effectuate its obvious intent in favor of
remedial justice rather than infringe its spirit by a
narrow and technical construction. In this view, it
seems entirely clear that the statute quoted (Sec. 7398)
should be regarded as including foreign fraternal ben-
efit societies qualified under our law and engaged in
the business of life insurance as contemplated by the

Legislature to be within the words "insurance companies" therein employed. Especially should this view obtain when we remember that foreign fraternal societies prosecute their calling here, and, upon qualifying under our law to that end, give authority to the Superintendent of Insurance, identically as other foreign insurance companies, for the purpose of being served with process in their stead. Under the rule of Meyer v. Insurance Co., supra, this defendant should, therefore, be regarded as a resident of the city of St. Louis at the time the suit was instituted against it and, of course, at the time it sought to perfect its appeal from the judgment of the justice therein given.

Under the statute (Sec. 7568, R. S. 1909), it has been frequently determined that railroad companies should be regarded constructively as residents of the counties through which the railroads pass and in which they keep a station agent on whom service of process may be had, for it is said, if service of process may be had on the agent, they should be regarded as residents of the county and entitled to ten days only for the purpose of perfecting an appeal from the justice. [See Slavens v. R. R. Co., 51 Mo. 308; Harding v. R. R. Co., 80 Mo. 659; Crutsinger v. Railway Co., 82 Mo. 64.] This court declared the same rule concerning a nonresident manufacturing corporation (but not qualified here) which operated a sawmill in this State in charge of an agent on whom service of process might be had under the statute. The view was there expressed that if the defendant maintained an agent in the county on whom service of process was proper under the statute, it should be regarded as a resident of the county for the purpose of perfecting an appeal from the justice and therefore entitled to but ten days to do so. [Young v. Niles & Scott Co., 122 Mo. App. 392, 99 S. W. 517.] The sum and substance of the authorities, under this statute, go to the effect that if it is competent to confer jurisdiction on

the justice by instituting a suit in the particular county over a corporation not a resident of the county, in the full sense of that term, so that a valid personal judgment may be had on due service of summons, the defendant should be regarded as a resident of the county in perfecting his appeal therefrom. The judgment should therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.