STATE ex rel. Cindy KERTZ, Relator,

v.

The Honorable Margaret M. NEILL, Respondent.

No. SC 84372.

Supreme Court of Missouri, En Banc.

Dec. 10, 2002.

Patrick J. Hagerty, Maurice B. Graham, Morry S. Cole, St. Louis, Joseph T. Buerkle, Jackson, for relator.

William A. Brasher, St. Louis, for respondent.

Robyn G. Fox, Catherine V. Jochens, St. Louis, for amicus curiae.

STEPHEN N. LIMBAUGH, JR., Chief Justice.

This is yet another St. Louis City venue dispute. The underlying case is a wrongful death action brought by the family of Dale Kertz who was killed in a tractor/train accident at a railroad crossing in Perry County. Defendants are Burlington Northern and Santa Fe Railway Company (BNSF), which operates railway lines and has officers and agents in the City of St. Louis, and Mark Pobst, a resident of Scott County. The particular question presented is whether BNSF is a resident of St. Louis City under section 508.010(2), RSMo 2000, the statute on which venue is based, which states: "When there are several defendants, and they reside in different counties, the suit may be brought in any such county." Upon timely motion by defendants, Respondent Neill transferred the case from St. Louis City, where it was originally filed, to St. Louis County, having determined that BNSF is a resident of St. Louis County, rather than St. Louis City, because the company's registered agent is located in the County. Thereafter, this Court issued an alternative writ of mandamus.

In transferring the case to St. Louis County, Respondent Neill relied on section 351.375.2, RSMo 2000, a provision of the general corporation law in Chapter 351, which states: "The location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained." However, that provision is qualified by section 351.690(4), RSMo 2000, which states that,

Only those provisions of this chapter which supplement the existing laws applicable to railroad corporations [and other specified corporations] and which are not inconsistent with, or in conflict with the purposes of, or are not in derogation or limitation of, such existing laws, shall be applicable to the type of corporations mentioned above in this subdivision....

In 1943, when these statutes were first enacted, the "existing law" regarding the residence of a railroad corporation, albeit common law, was well-established. As far back as *Slavens v. South Pacific Railroad Co.*, 51 Mo. 308, 309 (banc 1873), this Court held that "a [railroad] corporation is a resident of the county through which its line of road passes, and in which it has an agent upon whom process can be served, and where suits are authorized to be commenced." *See also Crutsinger v. Mo. Pac. Ry. Co.*, 82 Mo. 64, 66 (banc 1884) (reaffirming the holding of *Slavens*); *Fitzmaurice v. Turney*, 214 Mo. 610, 114 S.W. 504, 508–09 (1908) (holding that, for the purposes of serving required notice, defendant railroad company was a resident of the county where its tracks ran and agents for service of process were located); *Rodgers*

*v. Nat'l Council Junior Order United Am. Mechs. of U.S.*, 172 Mo.App. 719, 155 S.W. 874, 876 (1913) (noting that "it has been frequently determined that railroad companies should be regarded constructively as residents of the counties through which the railroads pass and in which they keep a station agent on whom service of process may be had"); *Young v. Niles & Scott Co.*, 122 Mo.App. 392, 99 S.W. 517, 518 (1907) (noting that "inasmuch as a railroad company passing through a county could be sued by process served upon its station master in that county ... it was not a nonresident of that county even though its general offices were elsewhere").

By defining the residence of a corporation as "the county where its registered office is maintained," section 351.375.2 is "in derogation or limitation of" the "existing laws" that define the residence of a railroad corporation to include "the county through which the line of road passes and in which it has an agent upon whom process can be served." Thus, in the absence of any other definition of the residence of a railroad corporation under section 508.010(2), the pre–1943 "existing laws" control, and St. Louis City, through which BNSF's line of road passes and where BNSF offices and agents are located, is a residence of the railroad.

This case is remarkably similar to *State ex rel. Smith v. Gray*, 979 S.W.2d 190 (Mo. banc 1998), another venue case under section 508.010(2), in which this Court refused to apply the section 351.375.3, RSMo 1994 (now codified as section 351.375.2), definition of corporate residence to an insurance company that would have limited venue to the county where the company's registered office was maintained. Specifically, this Court held that section 351.375.3 is qualified by section 351.690(2), RSMo 1994 (now codified as section 351.690(3)), which states that "[n]o provisions of this law [with cer-

tain exceptions] shall be applicable to ... insurance companies ...," and then concluded that in the absence of statutory guidance, the common law definition of the residence of insurance companies should apply. *Id.* at 192–93. The rationale holds true here as well because the two qualifying subsections—351.690(3) for insurance companies and 351.690(4) for railroad companies—both preclude application of the residency definition set out in section 351.375.2.

For the foregoing reasons, the alternative writ of mandamus is made absolute, and respondent is ordered to withdraw her order transferring the case to St. Louis County and to reinstate the case in St. Louis City.

WHITE, WOLFF, BENTON, STITH and PRICE, JJ., and KRAMER, Sp.J., concur.

TEITELMAN, J., not participating.