H. SCHROEDER *et al.*, Respondents, v. FREDERICK MUELLER, Appellant.

**St. Louis Court of Appeals, November 27, 1888.**

1. **Mechanic's Lien: NOTICE OF SUIT.** It is immaterial whether the notice of intention to sue for a mechanic's lien be filed simultaneously with the lien account, or not, so that it be filed before the commencement of the suit.

2. **Mechanic's Lien: CONTRACT: CONTIGUOUS LOTS.** It is unnecessary to file more than one lien for materials or labor furnished to two or more buildings, provided they were erected under one general contract and stand on contiguous lots; and whether any or all of the buildings lap over is immaterial.

3. **Mechanic's Lien: ACCOUNT.** The statute requires that the account filed for a mechanic's lien shall be a just and true account of the amount due after all just credits have been given; but it does not require that these words shall appear in the affidavit.

4. **Mechanic's Lien: WASTED MATERIALS.** The fact that some of the materials furnished were wasted and did not go into the construction, does not invalidate the lien, and the defendant owner has nothing to complain of, if the value of such materials was not included in the judgment.

5. **Mechanic's Lien:** OVER-PAYMENTS. The defendant owner's offer to show that he had paid out to sub-contractors, material-men and mechanics more than the contract price of the building, unaccompanied by any claim that the payments were compulsory, or were made in good faith without notice of the plaintiff's demand, was properly denied by the trial court.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge.

AFFIRMED.

*Christian & Wind*, for the appellant.

The trial court had no jurisdiction. The plaintiffs failed to allege that before instituting the suit they filed a notice in the office of the clerk of the circuit court, stating the time when, and the justice before whom, they would institute the suit. *Ewing v. Donnelly*, 20 Mo. App. 6. The lien statement was improperly admitted in evidence, because it was not such as required by law in this, that it pretended to claim a lien upon two distinct lots, and the houses thereon, without showing whether they were built together or separate, or whether each occupied a separate lot, or each occupied a part of the two lots. It is inconsistent with the notice of demand served on Mueller in this, that in the demand notice, Conrad Kaiser is charged with being the contractor for the erection of the houses, and in the lien statement he is charged as being a sub-contractor. It does not comply with the statute, as it omits to state that the account filed is a just and true account, after all just credits have been given. The instruction in the nature of a demurrer should have been given, if for no other reason, because it was perfectly clear from the undisputed testimony of plaintiff and his witness, Kaiser, that he had knowingly included in his account, filed for a lien, a demand for ten bushels of lime, which

he knew, both from his own personal inspection, as well
as the statement of his debtor, that it did not enter into
the construction of the building, but went to waste, and
included a bill for the article sold to replace the lost
lime. *Gauss v. Hussman*, 22 Mo. App. 115; *Henry v.
Mahone*, 23 Mo. App. 83; *Miller v. Hoffman*, 26 Mo.
App. 199. It was error to exclude testimony tending to
show that Mueller had paid to artisans, materialmen
and sub-contractors, an amount in excess of his contract
with Meisch. *Garnett v. Berry*, 3 Mo. App. 197; *Henry
v. Rice*, 18 Mo. App. 497. The instruction prayed for
by the defendant ( if it was proper to submit the ques-
tion to the jury at all) presented the proper issue,
to-wit, that if plaintiffs filed an account with their lien
claim, which they knew at the time of so filing included
items which did not enter into the construction of the
building, they should find for defendant; but the
instructions given by the court contained the error of
requiring the jury to further find that this " was not
the result of an honest mistake, but intentional," in
other words must have been done with intent to defraud
Mueller.

*Frank Hicks*, for the respondents.

The statement filed before the justice expressly
avers the filing on the twenty-third day of June, 1887, of
the notice of the place and time of bringing such suit.
The suit was brought June 24, 1887, the day named in
such notice. It would seem unnecessary to aver that
the twenty-third day of June transpired prior to the
twenty-fourth day of the same month. It does not
appear that such notice was filed before the lien claim.
The fact that it was filed with or at the time of the
filing of the lien claim or on the same day is imma-
terial. The language of the lien claim bears no such
construction as contended for by appellant in the first

branch of his second point.   The plain, ordinary and logical meaning of the clause describing the two buildings, their location, is that the two houses were separate and on contiguous lots.   Section 3190, Revised Statutes, fixes the requisites of the notice to be given to the owner before filing lien.   The notice here strictly complies therewith.   The statute (sec. 3176) does not require in the lien statement an express averment that all just credits have been given.   The statute provides that a just and true account of the demand after all just credits have been given shall be filed.   But it does not require that the lienor shall expressly state that he has done so.   As to the inclusion in the bill of the eight and two bushels supplied in consequence of the breaking of a mortar-box, respondents urge that the inclusion of such items, does not vitiate the lien as to the remaining items under the authority of *Pullis v. Hoffman*, 28 Mo. App. 666, 671; *Johnson v. Building Co.*, 23 Mo. App. 549; *Allen v. Mining Co.*, 73 Mo. 688, 692. The objectionable items are distinct and separable from the remaining items, and were so separated and excluded by the jury in their verdict.   It is not necessary to here discuss the question, considered by the Kansas City court of appeals in the case of *Henry v. Rice*, 18 Mo. App. 497, cited by appellant in his fifth point.   Appellant in his offer of proof wholly fails to bring his case within the doctrine of *Henry v. Rice*.   The offer nowhere proposes to show that the payments alleged to have been made by Mueller were in good faith, nor does it show that they were made without knowledge of the demand here in question.

ROMBAUER, P. J., delivered the opinion of the court.

Plaintiffs, under a contract with one Kaiser, furnished certain materials for plastering two houses standing on contiguous lots, and upon their account, remaining

unpaid, filed a lien claim against the property, which they prosecuted to judgment, first before a justice where the suit was instituted, and afterwards in the circuit court, to which the owner of the property had taken an appeal. From the last judgment the owner appeals to this court.

The errors assigned are numerous and will be noticed in their order.

I. It is claimed that the justice had no jurisdiction and hence the circuit court could acquire none by appeal, since the statement filed before the justice was devoid of averring certain jurisdictional facts. The statement avers the filing of the account "together with a notice stating the date when, and the justice of the peace before whom, the action is instituted for the enforcement of the lien. This states a compliance with the requirements of section 2874, Revised Statutes. It is immaterial whether the notice in regard to the institution of this suit is filed in the clerk's office simultaneously with the lien account, or subsequent thereto; all that the statute requires is that it should be filed before the commencement of the suit. The object of the statute, as we decided in *Ewing v. Donnelly*, 20 Mo. App. 11, is to preserve in the circuit clerk's office, record evidence of each step taken towards the enforcement of the lien.

II. When the lien account was offered in evidence, the defendant objected to it, specifying seven distinct grounds of objection, of which the following are entitled to consideration. The account stated that the material was used in the erection of two houses situated on contiguous lots, and erected under one general contract. The defendant claimed that this was insufficient to show that the two houses were subject to one lien. The statute ( R. S. sec. 3195 ) provides: "When the improvement consists of two or more buildings united together, and situated upon the same lots or contiguous lots, or upon separate buildings upon contiguous

Schroeder v. Mueller.

lots, and erected under one general contract, it shall not be necessary to file a separate lien upon each building." Under this section it is unnecessary to file more than one lien for materials or labor, provided the buildings were erected under one general contract and stand on contiguous lots, and the fact whether any or all the buildings lap over is wholly immaterial.

The defendant further claimed that the lien account was insufficient because the affidavit did not state "that all just credits have been given." The affidavit uses the words that just credits have been given, omitting the word *all*. Without deciding the question whether there is any substantial difference between the two statements, it is sufficient to say that the statute does not require that either of them should be contained in the affidavit. The statute requires that the account filed should be a just and true account of the amount due after all just credits have been given, and not that the affiant should allege it to be a just and true account after all just credits have been given, in so many words. The fact whether all just credits have been given is matter of judicial inquiry. An account cannot be just and true which omits just credits.

III. It appeared in evidence that eight bushels of white lime of the aggregate value of three dollars, forming part of the materials sued for, did not enter into the construction of the building, but were wasted. The testimony tended to show that plaintiffs knew of this fact before they filed their lien account, and the defendant claimed that that fact of itself made their lien claim void. The plaintiffs were materialmen. The contractor to whom they sold the lime was clearly not entitled to any credit on account of this waste, and whether the defendant owner was entitled to such credit was a fairly debatable proposition, since in the erection

of all structures there is more or less waste of material. However that may be the plaintiffs were clearly entitled to the benefit of the saving clause of section 3182, Revised Statutes, and as there is no pretense that the judgment obtained by plaintiffs includes these three dollars, the defendant is in no position to complain. *Kershaw v. Fitzpatrick*, 3 Mo. App. 575; *Johnson v. Building Co.*, 23 Mo. App. 549; *Allen & Co. v. Mining Co.*, 73 Mo. 692.

IV. The defendant also complains that he offered to show that he had paid out to sub-contractors, materialmen and mechanics, more than the contract price of the building, and that such offer was erronously ruled out by the court. The offer was not accompanied by any claim that the payments thus made were compulsory, or that they were made in good faith without notice of plaintiff's demand, and thus the defendant failed even to bring himself within the rule of *Garnett v. Berry*, 3 Mo. App. 205, 206, followed in *Henry v. Rice*, 18 Mo. App. 507, where it was held that under the limitations above stated the contract price between the owner and contractor furnishes the limit of the liability of the structure to claims of sub-contractors and materialmen. We do not therefore feel called upon to decide in this case whether the two cases referred to are in conflict with *Hilliker v. Francisco*, 65 Mo. 598, as the ruling of the trial court was correct even if *Garnett v. Berry* is still the law.

We find no error in the record and affirm the judgment. So ordered. All concur.