COLLEGE HILL PRESS BRICK WORKS, Appellant, v. W. H. THOMPSON *et al.*, Respondents.

St. Louis Court of Appeals, October 23, 1894.

1. **Mechanics' Liens:** FORMER RECOVERY. *Held, arguendo,* that when the plaintiff in an action to enforce a mechanic's lien shows that he has supplied materials to the defendant contractor, but the jury find by their verdict that a portion of these materials was not furnished for the building sought to be charged, the plaintiff is not debarred from suing the contractor in another action for the price or value of such portion.

2. **Evidence:** HUSBAND AND WIFE.  The husband and wife may testify for each other as to matters in which he or she acted as the agent for the other, and *semble* that she is a competent witness to prove her agency.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

AFFIRMED.

*H. A. Loevy* for appellant.

*Lubke & Muench* for respondents.

BOND, J.—This action is against a subcontractor,
William H. Thompson, for bricks sold and delivered,
to be used in the construction of a dwelling house on
the lot of one John A. Scott, and for a lien on said
property. There was a default as to the subcontractor.
The owner of the property having died, his widow and
children were made parties. The widow suffered a
default, and the minor children answered by general
denial by their guardian. The original contractor
answered specially that all the plaintiff's demands
against the property sought to be charged had been
fully paid by his check given to be so applied.

Plaintiff's evidence tended to prove that the bricks
set forth in its lien account were delivered upon the
order of the subcontractor for the house described in
the petition, and were reasonably worth $828.65, the
last delivery being December 4, 1890; that at this time
said subcontractor owed plaintiff a number of other
bills for brick, amounting to over $1,500; that a check
for $500, handed to plaintiff on October 9, 1890, by the
wife of the subcontractor, was applied to this latter
indebtedness, and not credited on the foregoing bill
for bricks delivered to the Scott house; that Mrs.
Thompson (the wife) gave no directions about the
application of the check to any particular bill against
her husband.

Defendant's testimony tended to show that only
a portion of the bricks sued for went into the Scott

house, and that their value did not exceed the five hundred (500) dollar check which was handed to plaintiff to be applied on that account.

The jury returned a verdict for one cent against the subcontractor and against the lien, from which the plaintiff appealed.

The first point made in this court is that the verdict of one cent against Thompson, the subcontractor, is opposed to the uncontradicted evidence in the case.

Where a material man sues the subcontractor and owner in the same action, seeking a personal judgment against one and a judgment of lien against the other, the state of facts may arise, and often does arise, that his right of recovery, even as to extent, is governed by wholly different consideration. His recovery against the owner is limited to the reasonable value of the materials that entered into the construction of the building, whereas the extent of his recovery against the contractor is limited by the contract price (or value, as the case may be) of the material furnished for the building, irrespective of the fact whether it entered into the building or not, or whether it consisted of lienable items or not. In the case at bar, therefore, the plaintiff might have been entitled to a judgment against the contractor for the reasonable price of all the brick furnished to him for the house sought to be charged with the lien, less amounts he received on that account. *Williams v. Porters*, 51 Mo. 441; *Pearce v. Roberts*, 27 Mo. 181; *Schroeder v. Mueller*, 33 Mo. App. 28.

The difficulty with the case lies here. While there was evidence *tending to show* that brick to the value of $828.65 was furnished by the plaintiff for this house, such evidence was not of a conclusive character. As it did not appear conclusively that the contractor ordered all these bricks for the house in question, we can

not say that the jury erred in finding (upon an instruction drawn by the plaintiff's attorney and submitting this issue to them) that no more than five hundred dollars' worth of brick were furnished by plaintiff on account of this house. Their finding in this case does not conclude the plaintiff from charging the contractor with the $328.65 in another action. The jury simply found that brick to the value of $328.65 were not furnished on this account. As the plaintiff has recovered a judgment for costs against the contractor, and has his remedy against him for the excess in another action, we can not see how he has been prejudiced by the verdict.

It is next insisted by appellant that the court erred in the reception of the evidence of the subcontractor and his wife as to what directions were given to the latter when the five hundred (500) dollar check was placed in her hands to be delivered to plaintiff, and what instructions she gave plaintiff as to the application of its proceeds at the time of its delivery.

Under our statute, either the husband or wife may testify in suits, whether they be joined or not, to which the other is a party, as to any matter of business which may have been conducted by the proposed witness as the agent of the other. R. S. 1889, sec. 8922. The most recent construction which this section has received renders a husband, when acting as the agent of the wife, a competent witness to prove his own agency. *Leete v. Bank*, 115 Mo. 184. It was there said, in giving a reason for this holding: "It is allowable as to any other witness to prove his own agency, and no reason is perceived why any different rule should prevail as to a witness merely because he occupies certain marital relations to one of the parties to the suit." According to this view, we are inclined to hold the wife was a competent witness to prove her agency. Nor is

this conclusion affected by the *dicta* in *Scrutchfield v. Sauter*, 119 Mo. 615, since it is apparent that the learned judge, who wrote the opinion, overlooked the fact that the case of *Williams v. Williams*, 67 Mo. 661, which gave occasion for his remarks, was expressly disapproved in *Leete v. State Bank, supra.* In any view there was no error in the reception of the evidence of Thompson as to the agency of his wife, and, that being established, she became under the statute a competent witness as to matters and things done by her in the discharge of said agency. The result is, the judgment is herein affirmed. All concur.