Uhrich v. Osborn.

---

OSCAR W. UHRICH, Appellant, v. SOLOMON F. F. OSBORN et al., Respondents.

Kansas City Court of Appeals, April 25, 1904.

1. MECHANIC'S LIEN: Account: Non-Lienable Items: Bad Faith. Where there are included in a lien account a few small items which did not go into the building, they will not, in the absence of bad faith, vitiate the lien, especially where they are easily separated with their prices from the other articles.

2. ———: ———: Time of Filing. On a fair interpretation of the undisputed evidence it is held that the lien account was filed in time.

3. **PRACTICE: Judgment: Evidence: Setting Aside.** Where there is no substantial evidence to support a judgment it should be reversed.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. B. Shackelford, C. S. Hull* and *J. A. Connett* for appellant.

(1) In an action at law, the findings of the court stand upon the same footing as the verdict of a jury. State ex rel. Friedman v. Purcell, 131 Mo. 312; Magee v. Burch, 108 Mo. 336. Either will be reversed on appeal, if not supported by substantial evidence. Hewitt v. Steele, 136 Mo. 334; Freeman v. Hemanway, 75 Mo. App. 629; Long v. Moon, 107 Mo. 338; Flynn v. Wacker, 151 Mo. 552; Peffer v. Railway, 98 Mo. App. 291. (2) It is well settled, however, that the conclusion in the lien account of items which are not lienable because they did not go into the improvement, but which are lienable in their nature, which may be readily separated from the balance of the lien account, and whose values are clearly and definitely ascertained, does not vitiate the lien, unless included with a fraudulent intent, or the owner of the property has been injured thereby. R. S. 1899, sec. 4213; 20 Am. and Eng. Ency. Law (2 Ed.), 507, 508; Ittner v. Hughes, 133 Mo. 690; Allen v. Frumet, 73 Mo. 688; Schroeder v. Muller, 33 Mo. App. 33; Kasper v. Railway, 74 S. W. 145.

*James & Norris* for respondents.

(1) In an action at law tried before the court without a jury, where no instructions are asked, and not based on an agreed case or on evidence wholly documentary, there is nothing for the appellate court to re-

view. Zimmerman v. Railway, 156 Mo. 561; Hill v. Kingsland, 131 Mo. 650. (2) Intentional failure to give just credits with fraudulent intent invalidates the lien. All presumptions are in favor of the correctness of the finding and judgment of the lower court. It devolves upon appellant to show clearly from the record the existence of prejudicial error.

ELLISON, J.—This is an action to enforce a mechanic's lien for material furnished to a contractor to go into a building built for and owned by defendant DeVoe. The judgment was against the contractors but in favor of DeVoe as to the lien. Plaintiff appealed.

The cause was tried before the court without the aid of a jury. There was no finding of facts nor declarations of law. We are thus left to determine whether there was any evidence to uphold the judgment denying the lien. There can be but two reasons assigned in favor of the judgment; one, that plaintiff himself vitiated the lien by including therein some articles in the account, which did not go into the building; the other, that the account was not filed within the time limited by the statute.

As to the first reason, the evidence does show that there were three items included in the account which did not go into the building. These were columns of the value of $9; one distribution box at $1.25 and two doors at $11.70, total, $21.95. The total account was $831.18 reduced by credits to balance of $562.15. There was no evidence of bad faith or fraudulent intent in putting in those items. Excepting the distribution box, they were actually furnished to the contractors but did not go into defendant's building. The box was contracted for but not furnished and by mistake not credited. The items were small in value compared to the balance claimed. They were easily separated, including their price, from the other articles and there being no evidence of fraudulent design they should not affect the va-

lidity of the lien for the account remaining after taking them out. 20 Am. and Eng. Ency. Law (2 Ed.), pp. 507, 508; Ittner v. Hughes, 133 Mo. 679, 690; Allen v. Frumet, 73 Mo. 688; Schroeder v. Mueller, 33 Mo. App. 33.

The last item of the account is for three doors furnished November 25. The last item previous to that was furnished October 30. If neither of the items of November 25 went into the building, it is conceded that the account was filed too late, since that of October 30 was not within the statutory limitation of four months. But a fair interpretation of the undisputed evidence is that one door, at least, went into the building which was furnished November 25.

When there is no substantial evidence to support a judgment it should be reversed. May v. Crawford, 150 Mo. 504, 527.

The judgment is reversed and cause remanded with directions to render judgment sustaining plaintiff's lien account, less said sum of $21.95. All concur.