**FARMINGTON BUILDING SUPPLY COMPANY, Plaintiff-Respondent,**

v.

**L. D. PYATT CONSTRUCTION COMPANY, Dwayne Dickerson and Erma Dickerson, his wife, Robert B. Manley, Trustee, St. Francois County Savings and Loan Association, Defendants-Appellants.**

No. 42861.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 8, 1981.

Motion for Rehearing and/or Transfer Denied Jan. 15, 1982.

David L. Mayhugh, Flat River, Charles W. Medley, Farmington, for defendants-appellants.

Roberts, Roberts & Rohrer, Terry R. Rottler, Ste. Genevieve, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendants Dickerson appeal from the action of the trial court adjudging their residential property subject to a materialmen's lien in favor of plaintiff which supplied materials to the general contractor on credit for the construction of defendants' home.[1]

◼ Defendants first contend that plaintiff failed to file a "just and true account" of the amount due as required by Sec. 429.080, RSMo 1978. This argument is based upon the fact that the account attached to the statement did not specifically identify items which were returned to plaintiff for credit. It is accepted that the lien law is remedial in nature and should be liberally construed. *Roy F. Stamm Electric Co. v. Hamilton-Brown Shoe Co.*, 350 Mo. 1178, 171 S.W.2d 580 (banc 1943) [9]. Such liberal construction does not relieve a lien claimant from the necessity of reasonably and substantially complying with the statutory requirements. *Putnam v. Heathman*, 367 S.W.2d 823 (Mo.App.1963) [3–5]. Substantial compliance with the requirement to file a "just and true account" is a condition precedent to the right to establish a lien against the property. *Putnam v. Heathman, supra,* [6]. However, a lien statement may be regarded as "just and true" even if it includes non-lienable items if the inclusion is the result of honest inadvertence or oversight without intent to defraud and if the lienable and non-lienable items can be separated. *Sears, Roebuck & Co. v. Seven Palms Motor Inn*, 530 S.W.2d 695 (Mo. banc 1975) [6].

◼ Here certain returned (and therefore non-lienable) items were listed in the account, but the total of the account reflects that, in fact, credit was given for the returned items. The account total does, therefore, accurately reflect the lienable charges. The trial court found that plaintiff had filed a "just and true" account of the indebtedness. Our review is that prescribed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) [1–3]. The trial court's finding could be based either upon a finding that failure to specifically delineate non-lienable items for credit was an unintentional inadvertence or upon a finding that the non-lienable items were not actually included in the account because not included in the total.[2] Either finding is supported by the evidence and we find no error. *See*, Sec. 429.210, RSMo 1978, *A. E. Birk & Son Plumbing & Heating Inc. v. Malan Construction Co.*, 548 S.W.2d 611 (Mo.App. 1977).

◼ We arrive at the same conclusion in reference to one group of items included in the lien statement but found by the trial court not to have been incorporated into the house. The total of those items was less than $100 of the almost $11,000 claim. Additionally, the evidence did not unequivocal-

---

1. Under our mechanics' and materialmen's lien law (Sec. 429.010 et seq. RSMo 1978) plaintiff is entitled to the lien if it fulfills the statutory requirements despite the fact that its dealings were solely with the general contractor, that the identity of the materialman supplying materials may have been unknown to defendants, that plaintiff had allowed the general contractor to become heavily indebted to it ($11,000 on this job, $50,000 on a series of jobs) and that it apparently did not notify defendants of the indebtedness until after they had paid the general contractor. Given the usual doctrine that where one of two innocent parties must suffer loss the loss should be borne by the one most culpable, this statutory scheme is an anomaly.

2. The statute (Sec. 429.080) requires that the account be "just and true" after "all just credits have been given." The account here met that criteria; the account allowed the credits, it simply did not itemize them.

ly establish that the items, which were delivered to the contractor and designated for defendants' house, were not actually incorporated into defendants' house. Their inclusion reflects at most an error or inadvertence of a minor nature made in good faith and insufficient to void plaintiff's lien. *Hydraulic-Press Brick Co. v. Green*, 177 Mo. App. 308, 164 S.W. 250 (1914) [6]; *Ulrich v. Osborn*, 106 Mo.App. 492, 81 S.W. 228 (1904).

■ Defendants further contend that the evidence was insufficient to establish that the materials set forth in the lien statement were actually used or incorporated in the construction of defendants' house. The thrust of the lien statute is to allow a lien for those materials which enter into the construction of the building and thereby become a part of its value. The lien claimant has the burden of establishing that the materials sold actually entered into the construction of the building. *Tallman Co. v. Villmer*, 133 S.W.2d 1085 (Mo.App.1939) [2]. However, it is not required that the claimant prove that "every stick" was actually observed going into the structure. *E. R. Darlington Lumber Co. v. Harris*, 107 Mo. App. 148, 80 S.W. 688 (1904); *Boyer Lumber, Inc. v. Blair*, 510 S.W.2d 738 (Mo.App. 1974) [6]; *Kansas City Electrical Supply Company v. Bomar Electric Company, Inc.*, 581 S.W.2d 411 (Mo.App.1979) [3, 4].

■ Here the original contractor testified that many of plaintiff's sales tickets for building materials designated for the Dickerson job site were signed by the contractor's employees and that such signatures were a representation that the materials were either picked up by the employee or received at the job site. The contractor also testified that, based upon his knowledge of the work done, he was sure that everything shown on the sales tickets (except the items heretofore discussed) were used to construct the Dickerson house or should have been. The lien statement was based upon the sales tickets. Plaintiff's manager testified that many of the items, particularly the large orders, were delivered to the job site. The contractor testified that all materials used in the house, except for a few small items, such as nails, were purchased from plaintiff. The evidence was sufficient to support the trial court's finding that the materials were in fact used to construct defendants' house.

■ Defendants also contend that the trial court erred in finding that plaintiff's lien was timely filed. Under Sec. 429.080, plaintiff, which was not an original contractor, was required to file its lien statement "within four months, after the indebtedness shall have accrued." There is no dispute that the four-month period is applicable. Plaintiff's lien statement was filed on April 13, 1978. The last item on its account was allegedly supplied December 14, 1977. The statement was, on that basis, filed on the last day of the four-month period.

The trial court made a finding that the lien statement was filed "within six months of the provision of the last item in said account . . . ." The court obviously utilized the wrong limitation period. Plaintiff introduced a sales ticket reflecting that it supplied a $7.59 sink rim on Dec. 14. Mrs. Dickerson testified that the sink, including rim, was complete on December 10, 1977. Plaintiff's records indicated that a stainless steel sink as well as a center waste and S trap were returned for credit on Dec. 14. These items appear on a sales slip dated Dec. 8. Mrs. Dickerson testified that the stainless steel sink was at the house prior to Dec. 10, that she advised the workmen that it was not what she had ordered, and that the colored sink she had ordered was then installed with sink rim by Dec. 10. Plaintiff's records do not indicate a colored sink was supplied, so it may be presumed that the sink installed came from somewhere else. The evidence is sufficient to raise a factual question as to whether and when a sink rim supplied by plaintiff was used in defendants' house.

The trial court's finding does not resolve the crucial issue of whether the sink rim

was installed in defendants' house[3] and if so whether this occurred prior to Dec. 14. If the rim was not installed or if it was installed prior to Dec. 14, plaintiff's lien fails because the account was untimely filed. The findings of the trial court do not preclude a finding on this issue either way. Determination of this fact requires an assessment, at least in part, of the credibility of witnesses. It is not a determination which we can confidently make from a cold record. We therefore must remand to allow the trial court to resolve this critical fact.

The final contention of defendants relates to an amended judgment entered by the court without notice to or a hearing for defendants. The only change made to the original judgment was the insertion of the legal description of defendants' property, an uncontested issue. The original judgment referred in three places to "the above described" property of the defendants. Defendants rely upon Rule 75.01 (prior to amendment effective Jan. 1, 1981) and *Caldwell Paint Mfg. Co. v. Lebeau*, 591 S.W.2d 1 (Mo.App.1979) [6]. We do not find that rule and case applicable. *Caldwell Paint* limits the notice and hearing requirement to a situation in which a party is "adversely affected" by the court's action under Rule 75.01. We do not find that to be the situation here. The original judgment clearly reflected that defendants' property was intended to be described therein. By oversight the description was omitted. Sec. 511.270, RSMo 1978, authorizes a court to correct certain omissions in a judgment. Sec. 511.260(10) lists "description of any property" as an omission which may be so corrected. The action of the trial court in making such correction may be by nunc pro tunc order. *Fitzmaurice v. Turney*, 214 Mo. 610, 114 S.W. 504 (1908) [4]. The description was contained in the pleadings and was undisputed. The omission of it was clearly an oversight which is apparent from the language of the judgment, and no prejudice could result to defendants from the court's action. Notice and hearing are not required to make a nunc pro tunc correction of the judgment. *Cruces v. State*, 452 S.W.2d 180 (Mo.1970) [1–3]; *First National Bank of Collinsville v. Goldfarb*, 527 S.W.2d 427 (Mo.App.1975) [8]. We find no error in the entry of the amended judgment.

Cause remanded for further proceedings in accordance with this opinion.

SATZ and PUDLOWSKI, JJ., concur.

---

**3.** We can infer that, because of the amount of the judgment and the lien awarded, the trial court found the sink rim was installed in the home. Because no specific question was raised as to the incorporation of the sink rim, except in the context of the lien-limitation period, the court's erroneous utilization of the six-month period may have caused it not to further consider incorporation of the rim as it related to the amount of the lien.